UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES STEVEN FOX,
                     Plaintiff,

               -v-

CITIZENS BANK N.A. et al.,
                     Defendants.

17-CV-656 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff James Fox started a new job with Citizens Bank in 2015, but the employment relationship soon soured. Fox now sues Citizens Bank N.A., Citizens Financial Group Inc., and Citizens Bank of Pennsylvania Inc. (collectively, "Citizens Bank") for breach of contract and various torts arising out of his employment with, and termination from, Citizens Bank. Defendants move to dismiss. For the reasons that follow, the motion is granted in part and denied in part.

**I.    Background**

The following facts are taken from the Complaint and are assumed true for purposes of the motion to dismiss.

James Fox has worked as a business development and client relationship specialist in the commercial banking industry for almost thirty years. (Dkt. Nos. 5-2 & 5-3 ("Compl.") ¶ 4.) Fox's primary expertise is in the aerospace and defense sectors, and he has cultivated extensive personal contacts with companies in those fields. (Compl. ¶¶ 16–18.)

Before beginning work at Citizens Bank, Fox was employed at Sumitomo Bank, where his duties included managing client relationships and developing new accounts. (Compl. ¶ 19.) In early 2015, a vice president at Citizens Bank contacted Fox about a potential position at Citizens Bank, and the parties began contract negotiations in March 2015. (Compl. ¶¶ 21–24.)

1

Negotiations continued through late May 2015, when Fox accepted a position as Director in Citizens Bank's Aerospace, Defense and Government Services group. (Compl. ¶ 24.)

Fox communicated several conditions during his negotiations with Citizens Bank. In particular, Fox stated that he would change employment only if Citizens Bank (1) agreed to pay him at least twenty-five percent more than Sumitomo did; (2) guaranteed that it would not fire Fox, absent good cause, for at least five years; and (3) provided Fox with latitude to develop new high- and middle-tier aerospace and defense company clients. (Compl. ¶ 25.) Citizens Bank agreed to these terms. (Compl. ¶ 26.)

However, Fox alleges that Citizens Bank "had no intention to place [him] in the employment position it had described." (Compl. ¶ 27.) Instead, Citizens Bank paid him significantly less than he had earned at Sumitomo and did not permit him to participate in client-development opportunities. (Compl. ¶ 27.) Fox further alleges that Citizens Bank directed him to engage in activities that violated banking laws, and "isolated him and began disparaging his professional competence" after he refused to comply. (Compl. ¶¶ 27, 29–30.) Citizens Bank terminated Fox's employment shortly thereafter. (Compl. ¶¶ 1, 31.)

Fox filed suit in New York Supreme Court for New York County in late 2016, and Citizens Bank removed the case to federal court in January 2017.[1] (Dkt. No. 1.) After Citizens Bank moved to dismiss the Complaint, Fox voluntarily dismissed three counts and seeks leave to

---

[1] The Court has jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and there is complete diversity between the parties: Fox is a citizen of New York, while Defendants are citizens of Rhode Island and Pennsylvania (by virtue of their principal places of business), and Delaware (by virtue of their state of incorporation). (*See* Compl. ¶¶ 4–7; Dkt. No. 1 ¶¶ 5–6.)

amend two others. (See Dkt. No. 16 at 9.)[2]  Three claims remain: common law fraud (Count One), breach of contract (Count Two), and unlawful employment termination (Count Eight).

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim. *Id.* When considering a motion to dismiss, courts "must accept as true all of the factual allegations contained in the complaint," *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)), and must draw "all inferences in the light most favorable to the non-moving party[]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## III. Discussion

### A. Common Law Fraud and Leave To Amend

"In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The Rule 9(b) particularity standard requires 'that a complaint (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Anwar v. Fairfield Greenwich Ltd.*, 286 F.R.D. 258, 260 (S.D.N.Y. 2012) (quoting *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004)). Furthermore, "[w]here multiple

---

[2] Fox has voluntarily dismissed without prejudice Counts Five, Six, and Seven. *See* Fed. R. Civ. P. 41(a)(1)(A) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . .").

defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

The Complaint alleges that some employee (or employees) of one (or several) of the three named defendants misrepresented material facts in order to induce Fox to change employers. (Compl. ¶¶ 32–38.) But Fox fails to identify the speakers or allege where and when the misleading statements were made.

Consequently, the Complaint fails to satisfy the heightened pleading standard of Rule 9(b), and the fraud claim is dismissed with leave to amend. Concluding that Citizens Bank would suffer no prejudice, the Court also grants Fox leave to amend the third and fourth causes of action for libel and slander. *See In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, No. 07 Civ. 10453, 2011 WL 4072027, at *2 (S.D.N.Y. Sept. 13, 2011) ("There is a strong preference for allowing plaintiffs to amend inadequate pleadings."); *Wright v. Ernst & Young LLP*, No. 97 Civ. 2189, 1997 WL 563782, at *3 (S.D.N.Y. Sept. 10, 1997) ("Where the possibility exists that the defect can be cured, leave to amend at least once should normally be granted unless doing so would prejudice the defendant."), *aff'd*, 152 F.3d 169 (2d Cir. 1998).

### B. Breach of Contract and Unlawful Employment Termination

Whether Fox can maintain his claims for breach of contract and unlawful termination turns on whether he was an at-will employee under New York Law.[3] "Under New York law, 'employment for an indefinite or unspecified term' is presumed to be 'at will and . . . freely

---

[3] Because both parties direct their briefing to New York law, the Court applies the law of that state in deciding the motion to dismiss. (*See* Dkt. No. 16 at 8 (describing Defendants' citation to Connecticut's law as "irrelevant"); Dkt. No. 19 at 2 n.4 (stating that because Fox disputes the applicability of Connecticut law, Defendants will "limit their reply papers to New York law").)

4

termina[ble] by either party at any time without cause or notice.'" *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 137 (2d Cir. 2007) (alterations in original) (quoting *Horn v. N.Y. Times*, 100 N.Y.2d 85, 91 (2003)). "[I]n New York, there is no common law public policy exception to the discharge of at-will employees." *Evans v. Excellus Health Plan, Inc.*, No. 11 Civ. 1248, 2012 WL 3229292, at *10 (N.D.N.Y. Aug. 6, 2012).

Fox alleges that he was not an at-will employee. Instead, he alleges that "Citizens Bank represented that, absent good cause to terminate his employment, [the] employment relationship between the parties would endure no less than five . . . years." (Compl. ¶ 25.) The Complaint does not allege whether this agreement was in writing, saying only that the parties "came to terms" and "entered into a binding agreement." (Compl. ¶¶ 26, 40.)

Citizens Bank offers two responses. First, Citizens Bank argues that the alleged five-year employment contract is void under the Statute of Frauds. Under New York law, any contract which "[b]y its terms is not to be performed within one year" must be in writing. N.Y. Gen. Oblig. Law § 5-701(a). An oral contract that cannot be performed within one year is void. *Id.*; *see also D & N Boening, Inc. v. Kirsch Beverages, Inc.*, 63 N.Y.2d 449, 457 (1984) ("[A]n oral agreement which by its own terms must continue for more than a year unless terminated by its breach is void.").

The trouble, however, is that the Statute of Frauds is an affirmative defense, and "[a] plaintiff need not plead the existence of a sufficient writing in order to state her claim." *Yarusi v. S. Sedghi Inc.*, No. 14 Civ. 7963, 2015 WL 4772761, at *2 (S.D.N.Y. Aug. 13, 2015); *see also Palmer v. A. & L. Seamon, Inc.*, No. 94 Civ. 2968, 1995 WL 2131, at *2 (S.D.N.Y. Jan. 3, 1995) ("Defendant argues that the plaintiff fails to state a claim for breach of employment contract because the Complaint does not allege . . . compliance with the statute of frauds. [This

5

argument] is in the nature of an affirmative defense rather than a neglected pleading requirement as urged by defendant.").

A court may dismiss a complaint based on an affirmative defense only "if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998). This, however, is not one of those cases. The Complaint is—perhaps strategically—silent on the nature of the parties' "binding agreement." (Compl. ¶ 40.) The Court is not permitted to infer the lack of a writing simply because Fox did not affirmatively allege one. *See Intuition Consol. Grp. v. Dick Davis Publ'g Co.*, No. 03 Civ. 5063, 2004 WL 594651, at *1 (S.D.N.Y. Mar. 25, 2004) ("Nor is this a case where all doubt about the existence of a signed writing can be resolved on the face of the pleading because the pleading happens to allege that there is no such writing."); *Granite Partners, L.P. v. Bear, Stearns & Co.*, 58 F. Supp. 2d 228, 250 (S.D.N.Y. 1999) (noting that dismissal on a 12(b)(6) motion is appropriate only if "the parties' papers left little question that the plaintiff was claiming the existence of a binding, oral contract").

Second, Citizens Bank offers the declaration of Cindy Schmitt Minniti, attorney for Defendants, along with an exhibit that she represents to be Fox's offer letter. (Dkt. No. 18.) The offer letter clearly warns its recipient that "you may be terminated at any time with or without cause . . . and nothing in this letter should be construed as creating a contract or employment for a fixed duration." (Dkt. No. 18 at 2.)

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A document is incorporated by

reference when it is "integral" to the complaint, but "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." *Id.* (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)).

The Court concludes that it cannot properly consider the offer letter at the motion-to-dismiss stage. Fox correctly notes that the purported offer letter is addressed only to a "James" (sans surname), is not signed by Fox, and bears no other indication that Fox ever received the letter. (Dkt. No. 15 at 6.) These objections are sufficient to raise a dispute over "the authenticity or accuracy of the document." *DiFolco*, 622 F.3d at 111.

Federal Rule of Civil Procedure 12(d) states that "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Because Citizens Bank relies upon materials outside the pleadings, the motion to dismiss Fox's breach of contract and unlawful employment termination claims will be treated as a motion for summary judgment. Both parties will be afforded an opportunity to present additional supporting materials on the issue of whether Fox had a valid contract, not precluded by the Statute of Frauds, giving him for-cause tenure protection.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED in part and DENIED in part. Fox's claims for common law fraud (Count One), libel (Count Three), and slander (Count Four) are dismissed with leave to amend. Fox shall file an amended complaint by April 16, 2018.

Citizens Bank's motion to dismiss Counts Two and Eight is converted to a motion for summary judgment. To the extent that Citizens Bank would like to present any additional evidence pertinent to its motion, it must do so by April 16, 2018. Fox may file a brief in

7

opposition by May 7, 2018, and Citizens Bank may file a reply within one week thereafter. Briefs may not exceed ten pages in length. Any additional materials pertinent to Citizens Bank's motion for summary judgment shall be submitted in accordance with Rule 56(e) of the Federal Rules and Rule 56.1 of the Local Rules of Civil Procedure for this District.

    The Clerk of Court is directed to close the motion at Docket Number 16.

    SO ORDERED.

Dated: March 26, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge